UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FISHER,<br><br>             Plaintiff,<br><br>      v.<br><br>DIRECTOR OF OPS OF CDCR,<br><br>             Defendant. | No.  2:14-cv-1323-EFB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS[1] |

Plaintiff Gary Fisher, also known as Gary Barger, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(a).  For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* (1) *Fisher v. McGee*, 2:13-cv-8137-UA-MAN (C.D. Cal.) (dismissed December 11, 2013 as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),[2] and for naming immune defendants); (2) *Barger v. FBI*, 1:13-cv-535-DLB (E.D. Cal.) (dismissed November 21, 2013 for failure to state a claim); and (3) *Fisher v. FBI*, 1:13-CV-414-LJO-SAB (E.D. Cal.) (dismissed July 26, 2013 for failure to state a claim).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, the May 8, 2014 complaint (ECF No. 1) and proposed amendment thereto (ECF No. 4) are convoluted and nearly incomprehensible. Plaintiff is suing the "Director of 'OPS' of CDCR." He alleges that he is being denied legal supplies, library privileges, and the right to file administrative appeals and other mail. ECF No. 1 at 1, 5, 7, 9, 14-16.[3] He claims that he was involuntarily medicated pursuant to a court order, which caused "bad side effects," though he believes he might have also been medicated because he complained that either his cellmate or a

---

[2] In *Heck*, the Supreme Court clarified that a dismissal pursuant to the rule announced therein was a denial of "the existence of a cause of action [under § 1983]." *Heck*, 512 U.S. at 489. Absent a cause of action, there is no claim upon which relief can be granted. Dismissals pursuant to *Heck*, therefore, can reasonably be interpreted as dismissals for failure to state a claim, and qualify as strikes under 1915(g). *Duncan v. Ramirez*, No. C 12-6251, 2013 U.S. Dist. LEXIS 93840, at *4 (N.D. Cal. July 3, 2013); *Ortega v. Heitkamp*, No. 2:11-cv-2735 GEB CKD, 2013 U.S. Dist. LEXIS 9246, at *3 (E.D. Cal. Jan. 23, 2013); *see also Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011); *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

[3] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

correctional officer attempted to murder him in November 2013, while he was housed at California State Prison, Sacramento. *Id.* at 5-6. He claims he was then transferred to Pelican Bay State Prison. *Id.* at 5. He mentions that in July of 2013, a correctional officer at Corcoran State Prison slammed his head against a wall. *Id.* at 5, 8. He also mentions that because of a traumatic brain injury, he is partially paralyzed. *Id.* at 9. In his request for relief, he writes the following:

> In no uncertain terms, in the 3 years, you people in CDCR are either Green Wall, or some underground secret evil that lurks in CDCR and forcing my into [special needs yard] at Wasco Reception Center. You idiots and idiots I truelly do mean can pay me $420,000,000 . . . .
>
> You've incapacitated me in a physical realm. I am unable to walk, in a meaningful way. Adverse effect from 11-28-93. And the disappearance of my 1st two 602s for this issue. Not so cute, now is it?
>
> Your corruption is overflowing on this complaint in 15 years my 602 complaints have never disappeared, till this issue on 11-28-13. This corruption/evilness you can pay in equitable relief.

*Id.* at 18. Plaintiff's only allegations that appear to concern his current conditions of confinement at the California Health Care Facility, are that he is being under-medicated, "so [he] experience[s] pain," and that he is not being provided with physical therapy. *Id.* at 14.

Plaintiff does not allege he faced imminent danger of serious physical injury at the time he filed his complaint, and there is no plausible basis for concluding such a danger existed. When plaintiff filed the complaint, he was housed at the California Health Care Facility, where he remains housed. Most of the events complained of appear to have occurred elsewhere. Plaintiff's allegation that he is not entirely pain-free does not demonstrate that he was under imminent threat of serious physical injury when he filed the complaint. *See Oden v. Cambra*, C 97-3898-SI, 1999 U.S. Dist. LEXIS 4233, at *11 (N.D. Cal. Mar. 30, 1999) ("doctors (inside and outside of prisons) are not guarantors of pain-free living for their patients. There may be conditions . . . that will result in some pain regardless of what a doctor does"); *Villegas v. Cate*, 1:10-cv1916-AWI-SKO, 2012 U.S. Dist. LEXIS 171, at *8 (E.D. Cal. Jan. 3, 2012) ("There are certain medical conditions with no end-cure and for which it is impossible to achieve a pain-free or symptom-free status.");

*see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("It would be nice if after appropriate medical attention pain would immediately cease, its purpose fulfilled; but life is not so accommodating. Those recovering from even the best treatment can experience pain.").

Because the complaint fails to demonstrate that plaintiff faced any imminent danger of serious physical injury at the time he filed his complaint, the imminent danger exception does not apply.

As plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this action must be dismissed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to proceed in forma pauperis be denied and this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE